**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BRUCE COMMITTE,**

                       **Plaintiff,**

  vs.                                              **6:17-cv-0784**
                                                     **(MAD/TWD)**

**DAVID C. YEN,** *et al.***,**

                       **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**BRUCE COMMITTE**
12936 Clifton Blvd #3
Lakewood, Ohio 44107
Plaintiff, *pro se*

**NEW YORK STATE**                   **MELISSA A. LATINO, ESQ.**
**ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     On September 1, 2017, Plaintiff Bruce Committe filed the amended complaint in this employment discrimination action against Defendants David C. Yen, Michael McAvoy, Deno Charlene, Lisa Flynn, and John and Jane Does. *See* Dkt. No. 9. On December 14, 2017, Defendants filed a motion to dismiss. *See* Dkt. No. 27. Plaintiff subsequently filed a motion to

amend and a motion to remove the magistrate judge assigned to this case. *See* Dkt. Nos. 38, 39.[1]

For the following reasons, the motion to dismiss is granted, and Plaintiff's motions are denied.

## II. BACKGROUND[2]

Plaintiff is a sixty-six year old man with physical disabilities, including difficulty walking caused by an arthritic spine and complications from Type II diabetes. *See* Dkt. No. 39-1 at ¶¶ 16, 31. Sometime before fall 2016, Plaintiff applied for two separate positions with the State University of New York, Oneonta ("SUNY Oneonta"): a tenure track assistant professor of accounting position, and a visiting assistant professor of accounting position. *See id.* at ¶ 1. As part of the application process, Plaintiff came to SUNY Oneonta for an interview and was required to perform a fifty minute "teaching exercise." *See id.* at ¶¶ 39-40. Plaintiff received negative evaluations for his teaching exercise. *See id.*

Plaintiff was not hired for either position. Instead, SUNY Oneonta offered the positions to two younger, less qualified applicants. *See id.* at ¶ 32. The tenure-track position was offered to an applicant who was thirty-five to forty years younger than Plaintiff and "very much less qualified." *See id.* at ¶ 19. SUNY Oneonta eventually hired a different candidate for the associate professor position, and she was approximately twenty to thirty years younger than Plaintiff. *See id.* at ¶ 17. Plaintiff alleges that he was passed over for the jobs because of his age and disabilities. *See id.* at ¶ 15. Defendants are various SUNY employees who Plaintiff alleges were involved in the decision not to hire him. *See id.* at ¶¶ 3-9.

---

[1] Plaintiff's proposed second amended complaint adds the following Defendants: Elizabeth Bringsjord, Christian Mullin, and Andrew D. Stammel. *See* Dkt. No. 39-1.

[2] The following facts are based on the allegations in Plaintiff's proposed second amended complaint. *See* Dkt. No. 39.

2

The original complaint in this action was filed on July 17, 2017. *See* Dkt. No. 1. On September 1, 2017, Plaintiff filed the amended complaint, which Defendants moved to dismiss on December 14, 2017. *See* Dkt. Nos. 9, 27. After Defendants filed their motion to dismiss, Plaintiff submitted a motion to file a second amended complaint, as well as a motion to remove Magistrate Judge Thérèse Wiley Dancks from this case. *See* Dkt. Nos. 38, 39. Defendants filed an opposition to the motion to amend, but they did not respond to the motion to remove Magistrate Judge Dancks. *See* Dkt. No. 41. Plaintiff filed a reply in support of the motion to amend. *See* Dkt. No. 42.

### III. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)); *see also Sutton ex rel. Rose v. Wachovia Secs., LLC*, 208 Fed. Appx. 27, 29-30 (2d Cir. 2006) (noting that, on a motion to dismiss, a court may take judicial notice of documents filed in another court).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.* at 570.

## IV. DISCUSSION

### A.     Motion to Amend

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A]bsent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed." *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir.2000) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 (1962)). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Annunziato v. Collecto, Inc.*, 293 F.R.D. 329, 333 (E.D.N.Y. 2013) (citing *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir.2002)).

4

"Therefore a proposed amendment is not futile if it states a claim upon which relief can be granted." *Waltz v. Bd. of Educ. of Hoosick Falls Cent. Sch. Dist.*, No. 12-CV-0507, 2013 WL 4811958, *4 (N.D.N.Y. Sept.10, 2013).

In this case, Plaintiff has already had the opportunity to amend his complaint once. But in light of Plaintiff's *pro se* status, the Court will consider the merits of the motion to dismiss in light of Plaintiff's proposed second amended complaint. See *Haag v. MVP Health Care*, 866 F. Supp. 2d 137, 140 (N.D.N.Y.2012). If the proposed second amended complaint cannot survive the motion to dismiss, then Plaintiff's cross-motion to amend will be denied as futile.

**B.    Motion to Dismiss**

Plaintiff asserts three different claims in his proposed second amended complaint under 42 U.S.C. § 1983: (1) Defendants Yen, McAvoy, Deno, Flyn, and John and Jane Does violated Plaintiff's rights under the Equal Protection Clause by deciding not to hire him due to his age and disabilities; (2) Defendants Bringsjord, Mullin, and Stammel failed to adequately train those responsible for making hiring decisions for SUNY Oneonta; and (3) Defendants Yen, McAvoy, Deno, Flyn, Stammel, and John and Jane Does denied Plaintiff his right to academic freedom by forcing Plaintiff to teach a fifty-minute class as part of the job application process. *See* Dkt. No. 39-1.

*1. Equal Protection*

According to Plaintiff, there are two separate reasons that his rights under the Equal Protection Clause were violated: (1) he was discriminated against on the basis of his disability, and (2) he was discriminated against on the basis of his age. First, Plaintiff's claim based on his disability must be dismissed because "the equal protection clause does not apply to claims of disability-related discrimination or retaliation in employment." *Koenig v. City of New Haven*, No.

5

16-CV-514, 2017 WL 631190, \*12 (D. Conn. Feb. 15, 2017); *see also Chick v. County of Suffolk*, 546 Fed. Appx. 58, 60 (2d Cir. 2013) ("Disability is not a suspect classification under the Equal Protection Clause"). Second, for the reasons that follow, Plaintiff's age discrimination claim must also be dismissed.

"Age-based employment discrimination claims brought pursuant to § 1983 are analyzed under the three-step, burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973)." *Burkhardt v. Lindsay*, 811 F. Supp. 2d 632, 651 (E.D.N.Y. 2011). To establish a prima facie case of age discrimination under the Age Discrimination in Employment Act ("ADEA") or the Equal Protection Clause, a plaintiff must show "(1) that she was within the protected class, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Rolle v. Educ. Bus Transp., Inc.*, No. 11-CV-3855, 2014 WL 1330568, \*5 (E.D.N.Y. Mar. 31, 2014); *see also Anand v. N.Y. State Dep't of Taxation & Fin.*, No. 10-CV-5142, 2013 WL 3874425, \*11 (E.D.N.Y. July 25, 2013) ("Courts apply the same prima facie case requirements to an age-based equal protection claim that they apply to an ADEA claim"). At the motion-to-dismiss stage, a plaintiff is not required to allege every element of a prima facie case, but the elements "provide an outline of what is necessary to render claims for relief plausible." *Rolle*, 2014 WL 1330568, at \*5.

Here, the Court finds that Plaintiff has failed to state a plausible claim for age discrimination. Plaintiff alleges that he was the most qualified candidate who applied for the job, and that SUNY Oneonta offered the position to less qualified applicants because they were twenty to forty years younger than Plaintiff. In some circumstances, "an inference of age discrimination may be raised where a plaintiff 'alleges that [he or] she was within the protected class, that [he or]

6

she was rejected for a position, and that the position was filled by a person significantly younger than [him or] her.'" *Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 311 (S.D.N.Y. 2015) (alterations in original) (quoting *Munoz-Nagel v. Guess, Inc.*, No. 12-CV-1312, 2013 WL 1809772, *7 (S.D.N.Y. Apr. 30, 2013)).

In this case, however, Plaintiff did not include sufficient factual allegations to plausibly show that age was a factor in Defendants' decision not to hire Plaintiff. Plaintiff's allegations regarding his qualifications relative to the candidates who were offered the job are vague and conclusory; Plaintiff never actually describes his qualifications for the assistant professor of accounting position, nor does he describe the qualifications of the other candidates. *See id.* at *316 (dismissing the plaintiff's age discrimination claim because the "general and unsubstantiated" allegations included no information about the younger, less experienced employees that were hired); *Nance v. City of New York*, No. 09-CV-2786, 2011 WL 2837491, *4 (E.D.N.Y. July 14, 2011) ("[A]n allegation that plaintiff was replaced by a younger employee is not sufficient, without more, to survive a motion to dismiss"); *Maysonet v. Citi Grp., Inc.*, No. 10-CV-4616, 2011 WL 476610, *5 (S.D.N.Y. Feb. 9, 2011) (dismissing the plaintiff's ADEA claim because the "only non-conclusory fact that she offers is that she is in her mid-forties and [the defendant] hires many employees who are in their twenties").

Other than Plaintiff's age and the ages of the candidates who were offered jobs, Plaintiff provides no information that would support an inference of age discrimination. There are no allegations that any Defendants made discriminatory comments regarding Plaintiff's age, that other older applicants were denied, or that only younger candidates are hired by Defendants. *See Avgerinos v. Palmyra-Macedon Cent. Sch. Dist.*, 690 F. Supp. 2d 115, 130-31 (W.D.N.Y. 2010). Plaintiff does, however, provide a non-discriminatory reason for Defendants decision not to hire

7

him: Plaintiff admits in the complaint that he received "negative written evaluation remarks" on his teaching presentation. Therefore, Defendants' motion to dismiss Plaintiff's age discrimination claim is granted.[3] Because the Court finds that there was no constitutional violation, the Court also dismisses Plaintiff's failure-to-train claim.

### *2. Academic Freedom*

Plaintiff's academic freedom claim is difficult to decipher, but it appears to be based on the teaching presentation that took place during Plaintiff's interview process. According to Plaintiff, the requirement that Plaintiff make a fifty-minute teaching presentation "denied Plaintiff his fundamental right to free speech and academic freedom guaranteed him by the Due Process Clause of the Fourteenth Amendment." *See* Dkt. No. 39-1 at ¶ 41. Plaintiff does not provide any support for this proposition in his brief. The United States Supreme Court has explored the relationship between the First Amendment and academic freedom in several decisions. *See Keyishian v. Bd. of Regents of Univ. of State of N.Y.*, 385 U.S. 589 (1967). But it is not clear to the Court how requiring job candidates to participate in teaching presentations could violate any right to academic freedom. Plaintiff brought a similar academic freedom claim in another employment discrimination case. *See Committe v. Bd. of Trs. of the Fl. State Univ.*, No. 15-CV-228, 2016 WL 4267959, *2 (N.D. Fl. July 7, 2016) ("There are no facts alleged which reveal any

---

[3] The Court notes that Plaintiff has brought a number of similar age discrimination cases over the past few years, each of which was dismissed. *See Committe v. Jianping Zhu*, No. 17-CV-1534, 2017 WL 4512479 (N.D. Ohio Aug. 17, 2017); *Committe v. Miami Univ.*, No. 16-CV-563, 2017 WL 680633 (S.D. Ohio Feb. 21, 2017); *Committe v. Univ. of Cincinnati*, No. 15-CV-653, 2016 WL 4944500 (S.D. Ohio Sept. 16, 2016); *Committe v. Bd. of Trs. of the Fl. State Univ.*, No. 15-CV-228, 2016 WL 4942015 (N.D. Fla. Sept. 15, 2016); *Committe v. Or. State Univ.*, No. 16-CV-962, 2016 WL 4374945 (D. Or. Aug. 11, 2016); *Committe v. N. Mich. Univ.*, No. 16-CV-81, 2016 WL 8738358 (W.D. Mich. June 21, 2016).

Defendant regulated Mr. Committe's speech, prohibited scholarship, or intruded into his expressive conduct"). As in that case, Plaintiff's academic freedom claim is dismissed.

## C. Motion to Remove Magistrate Judge Dancks

Finally, Plaintiff filed a motion to remove Magistrate Judge Dancks from this case. The only basis for Plaintiff's motion is that Magistrate Judge Dancks adjourned discovery deadlines until after the Court renders a decision on the motion to dismiss. *See* Dkt. No. 38 at 1. Plaintiff's motion to remove Magistrate Judge Dancks is denied because it is entirely without merit. Furthermore, the motion is moot because all of Plaintiff's claims have been dismissed.

## V. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion to remove the magistrate judge in this case (Dkt. No. 38) is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion to file an amended complaint (Dkt. No. 39) is **DENIED as moot**; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 27) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 7, 2018
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge